UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH KAUFMAN, | ) | CASE NO: 5:22CV2126 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| GARDNER PIE COMPANY, | ) | |
| | ) | (Resolves Docs. 17, 28, 30, 31, and 35) |
| Defendant. | ) | |
| | ) | |

Pending before the Court are a number of motions filed by both parties. Plaintiff Elizabeth Kaufman seeks authorization from the Court to issue notices to potential opt-in plaintiffs in this FLSA collective action. Defendant Gardner Pie Company seeks leave to amend its answer (Doc. 28) and seeks to dismiss two opt-in plaintiffs, Darla Lilly (Doc. 30) and Curtiss Dixon (Doc. 31). The Court now resolves the parties' motions.

The Fair Labor Standards Act of 1938 ("FLSA") provides that plaintiffs may litigate federal minimum wage and overtime claims on their own behalf and on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). The overall goal of proceeding as a collective action is to promote "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989). No employee shall actually be joined as a party in the action, however, unless they "consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*. The statute does not address how other similarly situated employees might learn of the lawsuit, nor how they may learn of their right to decide whether to join in the action.

The parties agree that *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023) altered the legal landscape surrounding FLSA collective actions.  In *Clark*, the Sixth Circuit changed the standard of proof that justifies court facilitated notification to putative plaintiffs, rejecting both the "modest showing" standard set forth in precedent, and the stricter "actually similar" requirement adopted by the Fifth Circuit in *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430, 434 (5th Cir. 2021).

Prior to *Clark*, the Sixth Circuit had long been among those courts that recognized that a "similarly situated" determination is a fact-specific inquiry, dependent on evidence that may be known only to those employees. Therefore, "as a practical matter" a district court cannot "conclusively make 'similarly situated' determinations as to employees who are in no way present in the case." *Clark,* 68 F.4th at 1010. Before *Clark*, the Sixth Circuit, along with many other courts across the country that had adopted a two-stage process for determining whether an FLSA action should proceed as a collective action, would look to the complaint and some modest factual allegations to determine whether there was a colorable basis for the plaintiffs to claim that the putative class was "similarly situated" with regard to any plausibly alleged claims. *See, e.g., Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 547 (6th Cir. 2006). If so, the Court generally permitted opt-in notification and additional discovery. This standard was "fairly lenient" and typically resulted in what was considered to be a "conditional certification" of a class for purposes of notification. Under that framework, the existence of significant individualized issues did not preclude conditional certification at the notification stage. *See White v. MPW Indus. Servs., Inc*., 236 F.R.D. 363, 367 (E.D. Tenn. 2006).

Post-*Clark*, however, the Sixth Circuit no longer recognizes the "modest showing" standard or the concept of "conditional certification." Under the new framework, court facilitation of notice is appropriate when there is a "strong likelihood" that there are other employees who are similarly situated to the plaintiffs. *Clark*, 68 F.4th at 1011. The requisite degree of probability "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance of the evidence." *Id*.

Even though it balked at the concept of conditional certification and lenient notice policies, the *Clark* court still recognized the need for a two-stage process applying one standard for court assisted notification of potential plaintiffs and a more stringent standard for determining which notified and consenting employees are, in fact, similarly situated. Under *Clark*, those employees who are notified and consent to inclusion in the collective action would become a part of the case for discovery purposes, and the latter group would be determined after the benefit of full discovery. Only those employees who, after discovery, are actually determined to be similarly situated will then become actual plaintiffs in the underlying action. *Id*. at 1010-11.

In order to be similarly situated, employees must, at a minimum, be "unified by common theories of defendant's statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien v. Ed Donnelly Enters., Inc*., 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 136, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016). Though some proof may be individualized, proof of the policy or conduct in conformity with the policy should prove a violation as to all plaintiffs. *Id*. The cause of action for all similarly situated employees will have "accrued in approximately the same manner as those of the named plaintiff." *Lewis v. Huntington Nat'l Bank*, 789 F.Supp. 2d 863, 867 (S.D. Ohio 2011). The circumstances of the consent plaintiffs must be similar to that of the original

plaintiff(s) but need not be identical. *Id*.; *Foley v. Wildcat Invs*., LLC, 2023 U.S. Dist. LEXIS 120278, 2023 WL 4485571 (S.D. Ohio July 12, 2023). "Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies as the original plaintiffs were." *Clark*, 68 F.4th at 1010. Individualized defenses may be considered at the notice stage when determining whether plaintiffs have shown a strong likelihood of similarity. *Id*. at 1012.  Factors that guide the Court's consideration of whether plaintiffs and other employees are similarly situated include: (1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and, (3) whether there is evidence of a "widespread" discriminatory plan affecting those plaintiffs, which was maintained by defendants. *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citations omitted).

> Plaintiff Elizabeth Kaufman explains her claims as follows:
>
> Plaintiff Elizabeth Kaufman and opt-in plaintiffs Curtiss Dixon, Brian Pressley, and Darla Lilly filed this action on November 23, 2022, alleging two distinct violations of the FLSA: (1) that Defendant failed to incorporate non-discretionary attendance bonuses, production bonuses, and shift premiums in calculating Plaintiffs' "regular rate" for purposes of determining their overtime rates; and (2) that Defendant knowingly suffered or permitted Plaintiffs to perform unpaid work before, during, and after their scheduled shifts.

Doc. 27 at 5.

Kaufman's primary argument that potential opt-ins are similarly situated focuses upon the fact Gardner Pie utilizes a central payroll system that calculates hourly employees' pay in the same manner regardless of their job title.  The Court agrees with Kaufman that the nature of her allegations lend strong support for an assertion that other hourly employees are similarly situated. For example, Kaufman alleges that shift premiums were improperly omitted from the calculation of overtime rates.  If, as Kaufman alleges, this omission was consistent throughout hourly

employees, then Kaufman has satisfied the initial burden of demonstrating a strong likelihood of similarity.[1]

Much of Gardner Pie's opposition to the motion does not focus upon the merits of *notice*. Instead, the opposition focuses on Gardner Pie's belief that it has a merits defense to the entirety of the complaint. For example, Gardner Pie takes issue with the allegations of the manner in which allegations were made regarding production bonuses. However, the Court cannot resolve such a defense absent formal discovery and dispositive motion practice. Moreover, Gardner Pie *concedes* that *if* Kaufman is correct about certain attendance bonuses being omitted from calculations, a valid claim could exist. As such, even if discrete parts of Kaufman's claims may not ultimately survive motion practice, it does not lead to the result that notice should be denied.

For similar reasons, the Court finds no merit in Gardner Pie's motions to dismiss Plaintiffs Darla Lilly (Doc. 30) and Curtiss Dixon (Doc. 31). Within those motions, Gardner Pie alleges that Lilly and Dixon released their claims through prior litigation that ultimately resulted in a settlement. However, as this litigation includes at least a partial timeframe that postdates the releases in the prior matter, Gardner Pie has, at best, presented an argument that would preclude certain damages for Lilly and Dixon. While Gardner Pie alleges that additional facts undermine these claims further, much of those arguments are focused upon evidence outside the pleadings and therefore not properly considered by the Court in a motion to dismiss. Accordingly, the motions to dismiss are DENIED. However, Gardner Pie is not precluded from pursuing these defenses at the appropriate stage of this case. As such, its motion to file an amended answer (Doc. 28) is GRANTED.

---

[1] Kaufman does not appear to raise any arguments suggesting that her donning and doffing claim presents sufficient evidence to warrant notice being sent out for it as well.

Having found that notice is appropriate in this matter, the Court must consider the proper notice to be sent out to potential plaintiffs.  The parties' briefing has indicated a disagreement over the proposed notice.  However, there is no indication that the parties have met and conferred to determine whether a middle ground can be reached so that a notice can be sent that it agreeable to all parties.  The parties are therefore instructed to meet and confer.  Within ten days of this order, the parties shall file either a joint brief that details an agreed-upon notice or, if agreement cannot be achieved, separate proposed notices.  The parties may each submit a brief in support these opposing notices that shall not exceed five pages.

Given the Court's resolution of the above motions, Kaufman's motion for a status conference (Doc. 35) is hereby DENIED.


IT IS SO ORDERED.


| March 1, 2024 | /s/ Judge John R. Adams |
|---|---|
| Date | JUDGE JOHN R. ADAMS |
| | UNITED STATES DISTRICT COURT |