# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH KAUFMAN, individually and on behalf of all others similarly situated, | ) ) ) ) | CASE NO. 5:22-cv-2126 |
| | ) | HON. JOHN R ADAMS |
| Plaintiffs, | ) ) | PLAINTIFFS' BRIEF IN SUPPORT OF |
| vs. | ) ) | PLAINTIFFS' PROPOSED COURT-AUTHORIZED NOTICE PURSUANT |
| GARDNER PIE COMPANY, | ) ) | TO 29 U.S.C. § 216(b) |
| Defendant. | ) ) | |

## PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' PROPOSED COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b)

**TABLE OF CONTENTS**

Index of Authorities .......................................................................................................................... iii

I.      Introduction .......................................................................................................................... 1

II.     Procedural History and Background .................................................................................... 1

III.    Argument .............................................................................................................................. 2

        A.  Plaintiffs' Proposed Notice is in the Form and Manner Regularly Accepted by Courts Across the Country ...................................................................... 2

           1.  Defendant's Proposed Language Throughout the Notice Forms Have No Merit or Purpose Other Than to Stifle Receipt and Comprehension of the Notice ............................................................................................................. 2

           2.  Defendant's Objection to Reminder Notice Should be Rejected by this Court, as Reminder Notice is Regularly Approved Throughout the Sixth Circuit ...................................................................................................... 3

           3.  Defendant's Objection to Text Message Notice Has No Merit ............................... 4

IV.    Conclusion ........................................................................................................................... 5

# **INDEX OF AUTHORITIES**

Page(s)

Cases

*Adams v. Wenco Ashland, Inc.*, No. 1:19CV1544,
  2020 WL 2615514 (N.D. Ohio May 22, 2020) ................................................................... 3, 4
*Barker v. Stark Cnty., Ohio*, No. 5:19CV276,
  2020 WL 1288807 (N.D. Ohio Mar. 18, 2020) ...................................................................... 5
*Clark v. A&L Homecare & Training Ctr., LLC*,
  68 F.4th 1003 (6th Cir. 2023) ................................................................................................. 2
*Canaday v. Anthem Companies, Inc.*,
  9 F.4th 392 (6th Cir. 2021) ..................................................................................................... 2
*Elmy v. W. Express, Inc.*, No. 3:17-CV-01199,
  2019 WL 6715115 (M.D. Tenn. Dec. 10, 2019) .................................................................... 4
*Godsey v. Airstream, Inc.*, No. 3:19-CV-107,
  2020 WL 502550 (S.D. Ohio Jan. 31, 2020) .......................................................................... 4
*Hamm v. S. Ohio Med. Ctr.*,
  275 F. Supp. 3d 863 (S.D. Ohio 2017) ................................................................................... 4
*Hoffmann-La Roche, Inc. v. Sperling*,
  493 U.S. 165 (1989) ................................................................................................................ 4
*Myers v. Marietta Mem'l Hosp.*, No. 2:15-CV-2956,
  2016 WL 11501744 (S.D. Ohio Sept. 6, 2016) ...................................................................... 4
*Pryke v. First Solar, Inc.*, No. 3:21-CV-00681-JGC,
  2021 WL 5027565 (N.D. Ohio Oct. 29, 2021) ....................................................................... 5
*Westley v. CCK Pizza Co., LLC*,
  2019 U.S. Dist. LEXIS 93015 at *16 (E.D. Mich. June 4, 2019) ........................................... 4

## I.   INTRODUCTION

Defendant makes several unfounded objections to Plaintiffs' proposed Class Notice along with other requests related to the notice stage which should be rejected.  As this Court has already determined that it is appropriate for Notice to be sent, the clear public policy should be to effectuate the Notice in such a manner that as many deserving people as possible will actually read the Notice and make an informed decision as to whether they want to join the case.  Obviously, if a potential Opt-In does not read the Notice, or does not understand that it applies to them, they cannot make an informed decision to join the case or not join the case. For the reasons stated herein, Defendant's remaining objections to Plaintiffs' proposed Notice should be rejected by the Court.

## II.   PROCEDURAL HISTORY AND BACKGROUND

On March 1, 2024, this Court issued its Order and Decision finding that the distribution of Notice to similarly situated opt-ins is "appropriate in this matter." (Order and Decision, Doc #: 36, PageID #: 566). Following the Court's direction for the Parties to meet and confer regarding the appropriate proposed Notice, the Parties engaged in several discussions throughout the week of March 4, 2024. While the Parties have materially agreed on several disputed portions of Notice to potential opt-ins, there are several ongoing disputes which require Court resolution.

For simplicity, Plaintiffs' proposed Notice forms are attached herein, **Exhibits A – D**:

- **Exhibit A** – Plaintiffs' Proposed Notice and Consent Form
- **Exhibit B** – Plaintiffs' Proposed E-Mail Message Notice
- **Exhibit C** – Plaintiffs' Proposed Text Notice
- **Exhibit D** – Plaintiffs' Proposed Reminder Text and E-Mail Notice

Defendant's proposed Notice forms are also attached herein, **Exhibits E – H**, with the disputed portions highlighted in grey:

- **Exhibit E** – Defendant's Proposed Notice and Consent Form
- **Exhibit F** – Defendant's Proposed E-Mail Message Notice
- **Exhibit G** – Defendant's Proposed Text Notice

1

- **Exhibit H** – Defendant's Proposed Reminder Text and E-Mail Notice

### III. ARGUMENT

**A. PLAINTIFFS' PROPOSED NOTICE IS IN THE FORM AND MANNER REGULARLY ACCEPTED BY COURTS ACROSS THE COUNTRY.**

Defendant's objections to Plaintiffs' proposed Notice are neither persuasive nor supported by the clear weight of recent authority. Plaintiffs' proposed Notice is in the form and manner regularly approved by federal courts across the country, throughout this Circuit, and by this Court. Accordingly, Notice should be distributed in the exact form and manner as proposed by Plaintiffs.

**1. Defendant's Proposed Language Throughout the Notice Forms Have No Merit or Purpose Other Than to Stifle Receipt and Comprehension of the Notice**

Defendant proffers several proposed changes to the language included throughout the forms of Notice that is only designed to stifle opt-in rates and deter individuals from either understanding, or exercising, their right to join in the lawsuit.

First, Defendant proposes to change the word "Join" to "Participate" throughout the Notice in an effort to muddy opt-ins' understanding of their rights, responsibilities, and role in the lawsuit. Defendant's attempt to label opt-in plaintiffs as mere "participants" is in direct contravention to the recent Sixth Circuit opinion in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023). In *Clark*, the court reasoned that "an FLSA collective action is not representative— meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'" *Id*. at 1009 (quoting *Canaday v. Anthem Companies, Inc*., 9 F.4th 392, 402 (6th Cir. 2021). "Thus … similarly situated employees who join an FLSA action become parties with 'the same status in relation to the claims of the lawsuit as do the named plaintiffs.'" *Id*. (quoting *Canday*, 9 F.4th at 402-03). In accordance with *Clark*, opt-ins are not "participants;" they have joined in to the lawsuit and are party plaintiffs. *Id*. Defendant's strategic

2

attempt to downplay an opt-in's role in the lawsuit as a mere "participant" is designed to suppress and limit the number of opt-ins that join the case. Defendant's pining for the use of the word "participate" is contrary to established Sixth Circuit caselaw and should be swiftly rejected.

Second, Defendant attempts to amend the class and collective definition already accepted by this Court in a further attempt to confuse potential opt-ins and add additional requirements for qualification. Plaintiff's Motion for Conditional Certification sought to certify a collective of "[a]ll current and former hourly employees who worked more than 40 hours in any workweek for Gardner Pie Company Inc. in Akron, Ohio at any time during the past three years." (Doc #. 17). Defendant proposes to introduce a new statement at the end of that definition, adding "and who received shift premiums or bonus payments during an overtime workweek." *See* **Exhibits E – H**. This secondary requirement is designed to limit the number of potential opt-ins by introducing requirements to the definition that may be confusing to the average employee or former employee of Gardner Pie, who may not know, or be unsure, if they ultimately qualify to join.[1]

For the foregoing reasons, Defendant's proposed language changes throughout the Notice forms should be ignored and rejected by this Court.

## 2. Defendant's Objection to Reminder Notice Should be Rejected by this Court, as Reminder Notice is Regularly Approved Throughout the Sixth Circuit.

Defendant's objection to Reminder Notice should be ignored. Courts throughout the country, including this Court, regularly approve reminder notice. "Courts in the Sixth Circuit have wide discretion in approving reminder notices." *Adams v. Wenco Ashland, Inc.*, No. 1:19CV1544,

---

[1] Many people who receive Notice will have not worked for the Defendant up to three years prior to the filing of the Complaint. Are those people really expected to know or remember if they received shift premiums or bonus payments in a week in which they worked overtime? This issue can easily be remedied if a few people join the case who ultimately do not belong without stifling the ability of people to join the case who do belong.

3

2020 WL 2615514, at *9 (N.D. Ohio May 22, 2020). *Godsey v. Airstream, Inc.*, No. 3:19-CV-107, 2020 WL 502550, at *5 (S.D. Ohio Jan. 31, 2020) (allowing plaintiffs to send a reminder notice halfway through the 90-day opt-in period); *Westley v. CCK Pizza Co., LLC*, No. 18-13627, 2019 WL 2355597, at *5 (E.D. Mich. June 4, 2019) (same); *Elmy v. W. Express, Inc.*, No. 3:17-CV-01199, 2019 WL 6715115, at *3 (M.D. Tenn. Dec. 10, 2019) (authorizing reminder notice); *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 879 (S.D. Ohio 2017) (same); *Myers v. Marietta Mem'l Hosp.*, No. 2:15-CV-2956, 2016 WL 11501744, at *3 (S.D. Ohio Sept. 6, 2016) (approving reminder notice because it "promotes the broad remedial purpose of the FLSA"). As this Court has done many times previously, the Court should approve Plaintiffs' request to send reminder notice. *Adams*, No. 1:19CV1544, 2020 WL 2615514, at *9.

### 3. Defendant's Objection to Text-Message Notice Has No Merit

Defendant's objection to text message notice should fail for numerous reasons. First, people regularly correspond through electronic means today, including text message. Recognizing this reality, and understanding that one of the FLSA's remedial goals is to ensure putative class members receive notice of their FLSA opt-in rights, many courts across the country routinely order notice to putative opt-ins through text message as a way of effectuating Congress's intent.

To obtain the benefits of the FLSA depends "on employees receiving accurate and *timely* notice concerning the pendency of the collective action." *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). As such, the goal of the Act, and in turn court-ordered notice, should be to achieve the maximum number of potential opt-ins so as to vindicate the purpose of the Act. In an effort to achieve this goal, numerous courts have approved the use of text message notice to secure the maximum number of opt-ins and ensure the FLSA's remedial goals are met. As this Court has previously reasoned:

4

"District courts in other circuits have authorized service of the FLSA notice by text message as well as by email and ordinary mail. As one district court reasoned, 'there is no denying that potential plaintiffs are more likely to receive notice of the collective action if a court allows text-message notice, in addition to e-mail and mail.' *Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 490 (S.D. Tex. 2020). This is because even email has become 'saturated and unwieldy,' with people receiving, at times, hundreds of messages daily across various accounts. *Id.* A text message, on the other hand, is more likely to grab the recipient's attention. In light of the remedial purpose of the FLSA, many courts have found that notice by text message, in addition to email and U.S. mail, is prudent and appropriate. *See*, *e.g.*, *Felps v. Mewbourne Oil Co.*, Inc., 460 F. Supp. 3d 1232, 1241 (D.N.M. 2020); *Mahrous v. LKM Enterprises, LLC*, No. CV 16-10141, 2017 WL 2730886, at *4 (E.D. La.); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-CV-2625 RJS, 2015 WL 4240985, at *5 (S.D.N.Y.); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015). I agree with the approach these cases have taken and their reasons for approving notice by email and text message." *Pryke v. First Solar, Inc.*, No. 3:21-CV-00681-JGC, 2021 WL 5027565, at *3 (N.D. Ohio Oct. 29, 2021).

Second, the requested information should be produced to Plaintiffs' counsel directly, just as this Court ordered in *Barker v. Stark Cnty., Ohio*, No. 5:19CV276, 2020 WL 1288807, at *3 (N.D. Ohio Mar. 18, 2020). Plaintiffs' counsel treats such information as confidential, has extensive experience in facilitating the notice process, and has never encountered problems or accusations of mishandling such data. Allowing Defendant to shield this information from Plaintiffs' counsel while allowing Defendant to essentially oversee the notice process is totally improper and akin to putting the "fox in the hen house." There would be no way to confirm whether the employee list (or the contact information) is accurate and more difficult to assist potential Collective members who contact Plaintiffs' counsel with questions or concerns (as they always do).

## IV.    CONCLUSION

For the reasons explained above, Plaintiffs respectfully request that the Court adopt Plaintiffs' Proposed Notice and reject Defendant's proposed edits.

5

|  |  |
|---|---|
| Dated: March 11, 2024 | Respectfully submitted,<br><br>*/s/ Matthew L. Turner*<br>Matthew L. Turner<br>Jesse L. Young (pro hac vice)<br>Albert J. Asciutto (pro hac vice)<br>Sommers Schwartz, P.C.<br>One Towne Square, Suite 1700<br>Southfield, Michigan 48076<br>Tel: (248) 355-0300<br>mturner@sommerspc.com<br>jyoung@sommerspc.com<br>aasciutto@sommerspc.com<br><br>*Counsel for Plaintiffs and the Proposed Collective* |

**CERTIFICATE OF SERVICE**

I certify that on March 11, 2024, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew L. Turner*
Matthew L. Turner

6