# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ELIZABETH KAUFMAN, ) | CASE NO: 5:22CV2126 |
| ) | |
| ) | JUDGE JOHN R. ADAMS |
| Plaintiff(s), ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GARDNER PIE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Elizabeth Kaufman filed this action against Defendant Gardner Pie Company for alleged violations of the Fair Labor Standards Act. The Court granted Kaufman's motion to issue notice of this lawsuit to potential opt-in plaintiffs. At the same time, on March 11, 2024, the Court directed the parties to confer regarding the content of the proposed notice. Doc. 36. Pursuant to that Order, the parties have indicated they cannot reach full agreement on a joint proposed notice or an agreed distribution plan. Docs. 38, 40. As a result, each has filed briefs and proposed notice forms for the Court's consideration. Upon review of the briefs, the Plaintiff's Notice is hereby authorized, subject to the changes described herein.

First, the parties dispute the scope of the notice that the Court has authorized. Kaufman seeks the following:

> All current and former hourly employees who worked more than 40 hours in any workweek for Gardner Pie Company Inc. in Akron, Ohio at any time during the past three years.

While Gardner Pie seeks the following:

> All current and former hourly employees who worked more than 40 hours in any workweek for Gardner Pie Company Inc. in Akron, Ohio at any time during

>the past three years, and who received shift premiums or bonus payments during an overtime workweek.

The Court agrees with Gardner Pie that its language is necessary to ensure that notice is only received by those that are eligible to join suit.  While Kaufman suggests that such language may be confusing or stifle participation, it is undisputed that employee that did not receive shift premiums or bonus payments could not properly join this action. As such, the Court will not allow notice to be sent to such individuals.

Next, Gardner Pie contends that reminder notices are unnecessary because they have agreed to allow notice by both U.S. mail and e-mail.  The Court is aware of the myriad precedent that both allow and disallow reminder notices.  As the parties have agreed upon a 60-day notice period, the Court will allow reminder notices to be utilized.  Receiving a total of 2 documents via U.S. mail, email, and text message will not so inundate potential opt-ins as to prejudice Gardner Pie.

While the Court is cognizant of Gardner Pie's arguments regarding notice by text message as well, it is also persuaded by the arguments set forth by a colleague in the Southern District of Texas:

>Unlike e-mail, text messages, at the very least, have eyes laid on them before being opened or ignored. And while one's e-mail account is quickly becoming inseparable from their cell phone—that is to say, most people own a smartphone on which they receive text messages and e-mails—a short vacation or busy workweek can result in literally hundreds of unread e-mails. The same cannot be said about text messages; people keep up with them. Maybe it is because texting is not as associated with work-related activities. Or maybe it is because texting is quickly becoming (if it has not already become) our primary method of communicating with friends and family. Whatever the reason, there is no denying that potential plaintiffs are more likely to receive notice of the collective action if a court allows text-message notice, in addition to e-mail and mail.

*Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 490 (S.D. Tex. 2020).  As such, the Court will allow notice by text message.

Next, Gardner Pie takes issue with Kaufman's use of the word "join" within her notice. Gardner Pie contends that the use of the word "participate" is more appropriate.  The Court does not agree.  The Sixth Circuit has made clear that opt-in parties stand on equal footing with named plaintiffs following their choice to opt in.  As the federal rules discuss the "joinder" of parties, the Court finds that the use of the word join is appropriate.

Finally, Gardner Pie contends that the notice should not at any time read that "you are eligible" but rather should read that "you may be eligible" in all relevant portions.   The Court agrees.  Much of Kaufman's proposed notice already utilizes the "may be eligible" language.  The Court finds that consistent use of that language is appropriate.  As such, the notice shall be modified in that respect.

Other than detailed above, all other aspects of Kaufman's notice are hereby approved. Kaufman shall file a copy of the Court-authorized notice, consistent with the changes and findings herein, within fourteen (14) days of entry of this Order, for purposes of the record.  The notice may be sent immediately following compliance with the Court's order.

    IT IS SO ORDERED.

<u>May 24, 2024</u>                                                                       <u>/s/ Judge John R. Adams</u>
Date                                                                             JUDGE JOHN R. ADAMS
                                                                               UNITED STATES DISTRICT COURT